**HARRISON, HARRISON & ASSOC., LTD**
David Harrison, Esq.
Julie Salwen, Esq.
110 State Highway 35, 2nd Floor
Red Bank, NJ 07701
Telephone: 888-239-4410
dharrison@nynjemploymentlaw.com
*Attorneys for Plaintiffs and proposed FLSA Collective & Class Members*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANCISCO GARCIA, JUAN JOLEANES, CLAUDIA QUITIAN, JESUS RUIZ, DELIA SIMMARRON, LAURA TEPOZ, SANDRA GOMEZ, LUIS GALLARDO, ROSAURA RODRIGUEZ and JONNY MOREY, on behalf of themselves and all others similarly situated, | Case No.: |
| Plaintiffs, | **FLSA COLLECTIVE ACTION & CLASS ACTION COMPLAINT** |
| -against- | |
| MISSING SOCK LAUNDRY SERVICE LLC, MISSING SOCK HOLDING LLC, ANDREW TRENK, JANE & JOHN ROES 1-10, and JOHN DOE CORPORATIONS 1-10, | **JURY DEMAND** |
| Defendants. | |

Plaintiffs FRANCISCO GARCIA, JUAN JOLEANES, CLAUDIA QUITIAN, JESUS RUIZ, DELIA SIMMARRON, LAURA TEPOZ, SANDRA GOMEZ, LUIS GALLARDO, ROSAURA RODRIGUEZ and JONNY MOREY, by and through counsel, allege upon information and belief, individually and on behalf of all others similarly situated, except as to the allegations that pertain to Plaintiffs which are alleged upon personal knowledge, as follows:

**NATURE OF THE ACTION**

1.      This lawsuit seeks to recover unpaid overtime wages for Plaintiffs and their similarly situated co-workers – all of whom worked as non-exempt workers for Defendants' "Missing Sock Laundromat" ("Missing Sock").

2.      Defendants operate Missing Sock, which Defendants claim is "a family-owned and operated laundry service",[1] out of several locations in New Jersey including in Linden and at 345 Eisenhower Parkway in Livingston.

3.      Specifically, Defendants illegally failed to pay overtime premiums, for the many overtime hours they worked for Defendants, to Plaintiffs and the other non-exempt workers employed by Defendants at Missing Sock.

4.       Plaintiffs bring this action on behalf of themselves and similarly situated current and former non-exempt workers employed by Defendants at Missing Sock who elect to opt-in to this action pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), and specifically the collective action provisions of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiffs and others similarly situated of their lawfully earned overtime wages.

5.      Plaintiffs also bring this action, pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves and all similarly situated current and former non-exempt workers employed by Defendants at Missing Sock to remedy violations of the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56(a) *et seq.*, including but not limited to N.J.A.C. § 12:56-3.5 (minimum wage) and 12:56-14.3 (overtime) ("NJWHL"), and the New Jersey Wage Payment Law, N.J.S.A § 34:11-4.1 *et seq.*, including but not limited to N.J.S.A § 34:11-4.6 ("NJWPL").

## JURISDICTION AND VENUE

---

[1] https://www.missingsocknj.com/ (accessed 7/24/2024)

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.  This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

7.      Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

8.      Plaintiff FRANCISCO GARCIA ("GARCIA") is an adult individual who resides in the State of New Jersey.

9.      GARCIA is an employee within the meaning of the FLSA and the NJWHL.

10.     GARCIA was a non-exempt employee and at all times relevant hereto was entitled to be paid overtime pursuant to the FLSA and NJWHL.

11.     Defendants employed GARCIA to work at Missing Sock, assigned to their Linden and then their Livingston locations.

12.     Defendants employed GARCIA from in or about March 2022 until June 23, 2024.

13.     Plaintiff JUAN JOLEANES ("JOLEANES") is an adult individual who resides in the State of New Jersey.

14.     JOLEANES is an employee within the meaning of the FLSA and the NJWHL.

15.     JOLEANES was a non-exempt employee and at all times relevant hereto was entitled to be paid overtime pursuant to the FLSA and NJWHL.

16.     Defendants employed JOLEANES to work at Missing Sock, assigned to their Livingston location.

3

17.    Defendants employed JOLEANES from in or about April 2024 until the middle of July 2024.

18.    Plaintiff CLAUDIA QUITIAN ("QUITIAN") is an adult individual who resides in the State of New Jersey.

19.    QUITIAN is an employee within the meaning of the FLSA and the NJWHL.

20.    QUITIAN was a non-exempt employee and at all times relevant hereto was entitled to be paid overtime pursuant to the FLSA and NJWHL.

21.    Defendants employed QUITIAN to work at Missing Sock, assigned to their Livingston location.

22.    Defendants employed QUITIAN from in or about February 2024 until the middle of July 2024.

23.    Plaintiff JESUS RUIZ ("RUIZ") is an adult individual who resides in the State of New Jersey.

24.    RUIZ is an employee within the meaning of the FLSA and the NJWHL.

25.    RUIZ was a non-exempt employee and at all times relevant hereto was entitled to be paid overtime pursuant to the FLSA and NJWHL.

26.    Defendants employed RUIZ to work at Missing Sock, assigned to their Livingston location.

27.    Defendants employed RUIZ for about one month, from in or about early June 2024 until the end of June 2024.

28.    Plaintiff DELIA SIMMARRON ("SIMMARRON") is an adult individual who resides in the State of New Jersey.

29.    SIMMARRON is an employee within the meaning of the FLSA and the NJWHL.

30.     SIMMARRON was a non-exempt employee and at all times relevant hereto was entitled to be paid overtime pursuant to the FLSA and NJWHL.

31.     Defendants employed SIMMARRON to work at Missing Sock, assigned to their Livingston location.

32.     Defendants employed SIMMARRON for about one month, from in or about early March 2024 until the end of March 2024.

33.     Plaintiff LAURA TEPOZ ("TEPOZ") is an adult individual who resides in the State of New Jersey.

34.     TEPOZ is an employee within the meaning of the FLSA and the NJWHL.

35.     TEPOZ was a non-exempt employee and at all times relevant hereto was entitled to be paid overtime pursuant to the FLSA and NJWHL.

36.     Defendants employed TEPOZ to work at Missing Sock, assigned to their Linden and then their Livingston locations.

37.     Defendants employed TEPOZ from in or about July 2021 until early May, 2024.

38.     Plaintiff SANDRA GOMEZ ("GOMEZ") is an adult individual who resides in the State of New Jersey.

39.     GOMEZ is an employee within the meaning of the FLSA and the NJWHL.

40.     GOMEZ was a non-exempt employee and at all times relevant hereto was entitled to be paid overtime pursuant to the FLSA and NJWHL.

41.     Defendants employed GOMEZ to work at Missing Sock, assigned to their Livingston location.

42.     Defendants employed GOMEZ for just over two months, from in or about early May 2024 until early July 2024.

43.    Plaintiff LUIS GALLARDO ("GALLARDO") is an adult individual who resides in the State of New Jersey.

44.    GALLARDO is an employee within the meaning of the FLSA and the NJWHL.

45.    GALLARDO was a non-exempt employee and at all times relevant hereto was entitled to be paid overtime pursuant to the FLSA and NJWHL.

46.    Defendants employed GALLARDO to work at Missing Sock, assigned to their Livingston location.

47.    Defendants employed GALLARDO from in or about early March 2024 until July 2024.

48.    Plaintiff ROSAURA RODRIGUEZ ("RODRIGUEZ") is an adult individual who resides in the State of New Jersey.

49.    RODRIGUEZ is an employee within the meaning of the FLSA and the NJWHL.

50.    RODRIGUEZ was a non-exempt employee and at all times relevant hereto was entitled to be paid overtime pursuant to the FLSA and NJWHL.

51.    Defendants employed RODRIGUEZ to work at Missing Sock, assigned to their Livingston location.

52.    Defendants employed RODRIGUEZ for about one month, from in or about mid-February 2024 until early June 2024.

53.    Plaintiff JONNY MOREY ("MOREY") is an adult individual who resides in the State of New Jersey.

54.    MOREY is an employee within the meaning of the FLSA and the NJWHL.

55.    MOREY was a non-exempt employee and at all times relevant hereto was entitled to be paid overtime pursuant to the FLSA and NJWHL.

56.     Defendants employed MOREY to work at Missing Sock, assigned to their Livingston location.

57.     Defendants employed MOREY for about one month, from in or about May 1, 2024 until May 31, 2024.

58.     Defendant MISSING SOCK LAUNDRY SERVICE LLC ("MSLS LLC") is a New Jersey Limited Liability Company that operates Missing Sock and maintains its main business address and its registered office at 82 Naylon Avenue in Livingston, New Jersey.

59.     Defendant MISSING SOCK HOLDING LLC ("MSH LLC") is a New Jersey Limited Liability Company that operates Missing Sock and maintains its main business address and its registered office at 82 Naylon Avenue in Livingston, New Jersey.

60.      Defendant ANDREW TRENK ("TRENK") is an individual who at all times relevant herein, owned, operated and controlled the day-to-day operations and management of Missing Sock.

61.     At all times relevant hereto, Defendant TRENK was the chief executive officer, manager and/or owner of Missing Sock.

62.     As chief executive officer, manager and owner of Missing Sock, Defendant TRENK oversaw Missing Sock's businesses and ensured that their operations were running smoothly.

63.     Further, as chief executive officer, manager and owner of Missing Sock, Defendant TRENK had overall responsibility for the management of Missing Sock and was involved in, or approved, all major decisions, such as hiring and firing employees and setting pay rates and budgets.

64.    Defendants MSLS LLC, MSH LLC, and TRENK jointly employed Plaintiffs and the other non-exempt workers who worked at, and for, Missing Sock.

65.    Defendants MSLS LLC, MSH LLC, and TRENK are herein collectively referred to as "Defendants".

66.    Defendants JANE & JOHN ROES 1-10 are persons associated with Defendants MSLS LLC, MSH LLC, and/or TRENK.

67.    Defendants JANE & JOHN ROES 1-10 have, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiffs and each member of the FLSA Collective and the Class.

68.    Defendants JOHN DOE CORPORATIONS 1-10 are business entities associated with Defendants MSLS LLC, MSH LLC, and/or TRENK.  Defendants JOHN DOE CORPORATIONS 1-10 have, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiffs and each member of the FLSA Collective and the Class.

69.    Defendants grossed more than $500,000.00 in each of the last six calendar years.

70.    At all times relevant hereto, the activities of the Defendants jointly and separately constituted an "enterprise" within the meaning of § 3(r) & (s) of the FLSA, 29 U.S.C. § 203 (r) & (s).

71.    At all times relevant hereto, Defendants employed employees, including Plaintiffs, and each member of the FLSA Collective and the Class, who regularly were employed by Defendants' enterprise engaged in commerce or the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been

produced for commerce within the meaning of § 3(b), (g), (i), (j) (r) and (s)(A)(i) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s)(A)(i).

72.     At all times relevant hereto, Defendants have been, and continue to be, an "enterprise engaged in commerce or in the production of goods for commerce," within the meaning of 29 U.S.C. § 203 and 29 U.S.C. § 207(a)(1).

73.     At all times relevant hereto, each of the Defendants has been, and continues to be, an "employer" as defined by 29 U.S.C. § 203(D) and by the NJWHL and NJWPL.

74.     At all times relevant hereto, Defendants have employed "employee[s]", including Plaintiffs and each member of the FLSA Collective and the Class.

## COLLECTIVE ACTION ALLEGATIONS

75.     Plaintiffs bring the First Cause of Action, FLSA claims, on behalf of themselves and all similarly situated persons who worked for Defendants as non-exempt workers at Missing Sock who elect to opt-in to this action (the "FLSA Collective").

76.     Consistent with the Defendants' policy and pattern or practice, PlaintiffS and the FLSA Collective were not paid overtime wages for any overtime hours they worked.

77.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective.

78.     This policy and pattern or practice includes but is not limited to willfully failing to pay their employees, including Plaintiffs and the FLSA Collective, the required overtime premiums for each overtime hour worked.

79.     Defendants willfully failed to notify their employees, including Plaintiffs and the FLSA Collective, of their rights under the FLSA.

80.    Defendants' unlawful conduct, as described in this Complaint, was pursuant to a corporate policy or practice of minimizing labor costs by failing to pay Plaintiffs and the FLSA Collective the overtime premiums required by law.

81.    Defendants are aware or should have been aware that federal law required them to pay their employees overtime premiums for all overtime hours worked.

82.    Plaintiffs and the FLSA Collective are similarly situated in their job descriptions, duties, and compensation and perform, or performed, similar duties.

83.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

## **CLASS ACTION ALLEGATIONS**

84.    Plaintiffs brings the Second Cause of Action, NJWHL and NJWPL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of: *All persons who work or have worked for Defendants as non-exempt workers at Missing Sock, between July 24, 2018 and the date of final judgment in this matter* (the "Rule 23 Class").

85.    Excluded from the Rule 23 Class are Defendants, Defendants' officers, legal representatives, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants, the Judge(s) to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.  The members of the Rule 23 Class are so numerous that joinder of all members is impracticable.

86.    Upon information and belief, the size of the Rule 23 Class is at least 40 individuals.  Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

87. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

88. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

- Whether Defendants failed to pay Plaintiffs and the Rule 23 Class lawful minimum wages for the hours that they worked;

- Whether Defendants failed to pay Plaintiffs and the Rule 23 Class overtime wages for the overtime hours that they worked;

- Whether Defendants failed to keep true and accurate time records for all hours/shifts worked by Plaintiffs and the Rule 23 Class, and other records required by the NJWHL and the NJWPL;

- Whether Defendants' policies of failing to pay workers overtime and failing to keep required records were instituted willfully or with reckless disregard of law; and

- The nature and extent of class-wide injury and the measure of damages for those injuries.

89. The claims of the Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent. Plaintiffs and all of the Rule 23 Class members work, or have worked, for the Defendants at Missing Sock. Plaintiffs and the Rule 23 Class members enjoy the same statutory rights under the NJWHL and the NJWPL. Plaintiffs and the Rule 23 Class members have all been injured in that they have been uncompensated due to Defendants' common policies, practices, and patterns of conduct. Plaintiffs will fairly and adequately represent and protect the

interests of the members of the Rule 23 Class. Plaintiffs understand that as class representatives, they assume a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiffs recognize that as class representatives, they must represent and consider the interests of the Rule 23 Class just as they would represent and consider their own interests. Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over the Rule 23 Class. Plaintiffs recognizes that any resolution of a class action must be in the best interest of the Rule 23 Class. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between Plaintiffs and the Rule 23 members.

90.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NJWHL and the NJWPL, as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual Plaintiffs often lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments.

91.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## **FACTUAL ALLEGATIONS**

92.     Each of the Plaintiffs – and each member of the FLSA Collective and the Class - worked for Defendants at Missing Sock as a non-exempt worker and was entitled to be paid overtime wages and minimum wages.

93.     Plaintiffs – and each member of the FLSA Collective and the Class - worked in Defendants' laundry facilities, perfuming laundry and related services, including handling, sorting, washing, folding and/or packaging up clean and dirty clothes/linen/uniforms, or doing other work in Defendants' facilities, and/or making deliveries and pick-ups to/from Defendants' customers.

94.     Plaintiffs – and each member of the FLSA Collective and the Class – regularly worked for Defendants on a full-time basis, assigned to work between four and seven days per week.

95.     Each of the Plaintiffs – and each member of the FLSA Collective and the Class - worked long hours, with shifts ranging from eight (8) to twelve (12) hours per day, or longer.

96.     Further, Defendants and their management often made Plaintiffs – and each member of the FLSA Collective and the Class – stay and work beyond the end of their scheduled shifts.

97.     Thus, Plaintiffs often worked more than ten (10 or twelve (12) hours per day.  For example, Plaintiff GARCIA, who regularly made deliveries and pickups for Defendants, was often out on deliveries/pickups late and worked three (3) or four (4) hours beyond the end of his scheduled shifts, or more.

98.     Defendants paid Plaintiffs – and each member of the FLSA Collective and the Class – either (i) at hourly rates that ranged from $8.00 per hour to $13.00 per hour, or (ii) on a flat salary basis, e.g. at rates of $800 to $1,400 per week.

99.     All of the Plaintiffs and the vast majority the other members of the FLSA Collective and the Class were scheduled to work well over 40 hours per week for Defendants.

100.    Despite them working <u>many</u> hours in excess of forty (40) per week, Defendants failed to pay Plaintiffs and the members of the FLSA Collective and the Class <u>any</u> overtime premiums for the overtime hours they worked for Defendants.

101.    Further, Defendants regularly paid some of the Plaintiffs, and many other members of the Class, at hourly rates substantially less than the NJ minimum wage.

102.    For example, despite the NJ minimum wage being $15.13 per hour in 2024[2], Defendants paid (i) Plaintiff GOMEZ at the rate of $13 per hour, (ii) Plaintiff RODRIGUEZ at the rate of $8 per hour, and (iii) SIMMARRON at the rate of $12 per hour.

103.    Defendants did not keep accurate records, as required by federal and state law, of all the hours worked by Plaintiffs and the members of the FLSA Collective and the Class.

104.    Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiffs and the members of the FLSA Collective and the Class were not paid NJ minimum wages and overtime premiums for the overtime hours they worked for Defendants.

105.    Defendants knew that the nonpayment of minimum wages and overtime wages would economically injure Plaintiffs and the members of the FLSA Collective and the Class, and that they violated the FLSA and NJWHL, and the NJWPL.

106.    Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiffs and the members of the FLSA Collective and the Class.

---

[2] https://www.google.com/url?sa=t&source=web&rct=j&opi=89978449&url=https://www.nj.gov/labor/assets/PDFs/minimumwage_postcard.pdf&ved=2ahUKEwjpnPGnrsOHAxX0EGIAHXK6AswQFnoECBYQAQ&usg=AOvVaw2-Plr-j0_b6QGrUyfqtfhH (accessed 7/25/2024)

**FIRST CLAIM FOR RELIEF**

**Fair Labor Standards Act–Overtime Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

107.    Plaintiffs reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

108.    At all times relevant, Plaintiffs and the members of the FLSA Collective are or have been employees of Defendants within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

109.    Plaintiffs consent in writing to be a party to this action under 29 U.S.C. § 216(b). See Exhibit A attached hereto.

110.    At all times relevant, Defendants have been employers of Plaintiffs and the members of the FLSA Collective, and engaged in commerce and/or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

111.    Defendants failed to pay Plaintiffs and the members of the FLSA Collective the overtime wages to which they are entitled under the FLSA.

112.    Plaintiffs and the FLSA Collective seek damages in the amount of their respective unpaid overtime wages, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**New Jersey Wage and Hour Law & Wage Payment Law –Minimum Wage &**
**Overtime Wages (Brought on behalf of Plaintiffs and the Class)**

113.    Plaintiffs reallege and incorporate by reference all previous paragraphs as if set forth fully herein.

114.    Defendants failed to pay Plaintiffs and the Class the overtime wages to which they are entitled under the New Jersey Wage & Hour Law, N.J.S.A. § 34:11-56(a) *et seq.* ("NJWHL").

48.    Defendants failed to pay Plaintiffs and the Class all of the minimum wages they owe them under the NJWHL and NJWPL.

49.    Further, Defendants have also failed to pay Plaintiffs and the Class the wages they owe them.

50.    Defendants failed to keep the records required under the NJWHL and NJWPL.

51.    Defendants have engaged in a widespread pattern, policy, and practice of violating the NJWHL and the NJWPL, as detailed in this Complaint.

52.    At all times relevant to this action, Plaintiffs and each member of the Class have each been an "employee" of Defendants, and Defendants have been "employers" of Plaintiffs and the Class within the meaning of the NJWHL, N.J.S.A. §34:11-56(a)(1).

53.    As a direct consequence of Defendants' violations of the NJWHL and the NJWPL, Plaintiffs and the Class suffered and continue to suffer substantial damages.

54.    Plaintiffs seek damages of unpaid wages, unpaid minimum wages, unpaid overtime wages, liquidated damages, interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for relief as follows:

(a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NJWHL and the NJWPL;

(b) Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(c) Designation of this action as a Collective Action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(d) Designation of Plaintiffs as the Representatives of the FLSA Collective Plaintiffs;

(e) An award of unpaid wages, unpaid minimum wages, and unpaid overtime wages, and other damages due under the FLSA, and the NJWHL and NJWPL;

(f) An award of liquidated damages as a result of Defendants' failure to pay overtime wages pursuant to 29 U.S.C. § 216:

(g) An award of liquidated damages as a result of Defendants' failure to pay wages, minimum wages and overtime wages pursuant to N.J.S.A. 34:11-56a25

(h) Costs and expenses of this action, together with reasonable attorneys' fees;

(i) Pre-Judgment and post-judgment interest, as provided by law; and

(j) Such other and further relief as this Court deems just and proper.

DATED: July 25, 2024                    Respectfully submitted,

                                        ___ s/ David Harrison_____
                                        **HARRISON, HARRISON & ASSOC., LTD**
                                        David Harrison, Esq.
                                        Julie Salwen, Esq.
                                        110 State Highway 35, 2nd Floor
                                        Red Bank, NJ 07701
                                        Telephone: 888-239-4410
                                        dharrison@nynjemploymentlaw.com
                                        *Attorneys for Plaintiffs and the proposed FLSA*
                                        *Collective members and Class*

# EXHIBIT "A"

Soy una empleada actual o anterior de **MISSING SOCK LAUNDRY SERVICE, LLC** y entidades o individuos relacionados. Por la presente, doy mi consentimiento y acepto ser una demandante en esta Acción para obtener compensacion por violaciones de la Ley Justa de Normas Laborales, en conformidad con 29 U.S.C. 216 (b).

Por la presente, designo a Harrison, Harrison & Associates, Ltd. para que me represente en esta Acción y también doy mi consentimiento y estoy de acuerdo, si es necesario, presentar este reclamo en nombre de todos los demás que estan en situación similar.

Fecha:_____    _____

_____

Fecha:____7/17/2024_____    Luis Gallardo

_____

Fecha:____7/19/2024_____    Jesús Ruiz

_____

Fecha:____7/17/2024_____    Claudia Gaspar

_____

Soy una empleada actual o anterior de **MISSING SOCK LAUNDRY SERVICE, LLC** y entidades o individuos relacionados.  Por la presente, doy mi consentimiento y acepto ser una demandante en esta Acción para obtener compensacion por violaciones de la Ley Justa de Normas Laborales, en conformidad con 29 U.S.C. 216 (b).

Por la presente, designo a Harrison, Harrison & Associates, Ltd. para que me represente en esta Acción y también doy mi consentimiento y estoy de acuerdo, si es necesario, presentar este reclamo en nombre de todos los demás que estan en situación similar.

Fecha:_____7/19/2024_____        _____Delia SIMARRON_____

Fecha:_____7/17/2024_____        _____Juan Joleanes_____

Fecha:_____7/17/2024_____        _____Laura Tepoz_____

Fecha:_____7/17/2024_____        _____Sandra Gomez_____

Soy una empleada actual o anterior de **MISSING SOCK LAUNDRY SERVICE, LLC** y entidades o individuos relacionados. Por la presente, doy mi consentimiento y acepto ser una demandante en esta Acción para obtener compensacion por violaciones de la Ley Justa de Normas Laborales, en conformidad con 29 U.S.C. 216 (b).

Por la presente, designo a Harrison, Harrison & Associates, Ltd. para que me represente en esta Acción y también doy mi consentimiento y estoy de acuerdo, si es necesario, presentar este reclamo en nombre de todos los demás que estan en situación similar.

Fecha: _7/18/2024_____          _____
                                                                  Francisco Garcia
                                                                  _____
                                                                  *Francisco Garcia*
                                                                  BF08620B7B364CE...

Fecha: _____          _____

                                                                  _____

Fecha: _____          _____

                                                                  _____

Fecha: _____          _____

                                                                  _____

Soy una empleada actual o anterior de **MISSING SOCK LAUNDRY SERVICE, LLC** y entidades o individuos relacionados.  Por la presente, doy mi consentimiento y acepto ser una demandante en esta Acción para obtener compensacion por violaciones de la Ley Justa de Normas Laborales, en conformidad con 29 U.S.C. 216 (b).

Por la presente, designo a Harrison, Harrison & Associates, Ltd. para que me represente en esta Acción y también doy mi consentimiento y estoy de acuerdo, si es necesario, presentar este reclamo en nombre de todos los demás que estan en situación similar.

Fecha: 7/24/2024 _____     _____

DocuSigned by:

9AFF9E57329346C...

Jonny Morey

_____

Fecha: _____     _____

_____

Fecha: _____     _____

_____

Fecha: _____     _____

_____

Soy una empleada actual o anterior de **MISSING SOCK LAUNDRY SERVICE, LLC** y entidades o individuos relacionados.  Por la presente, doy mi consentimiento y acepto ser una demandante en esta Acción para obtener compensacion por violaciones de la Ley Justa de Normas Laborales, en conformidad con 29 U.S.C. 216 (b).

Por la presente, designo a Harrison, Harrison & Associates, Ltd. para que me represente en esta Acción y también doy mi consentimiento y estoy de acuerdo, si es necesario, presentar este reclamo en nombre de todos los demás que estan en situación similar.

7/19/2024

Fecha:_____

DocuSigned by:

Rosaura F.R

21F4BBDA473A409...

_____

Rosaura F. Rodriguez

_____

Fecha:_____    _____

_____

Fecha:_____    _____

_____

Fecha:_____    _____

_____