# Harrison, Harrison & Associates, Ltd.

110 HIGHWAY 35, 2nd Floor
RED BANK, NJ 07701
TEL. (888) 239-4410
dharrison@nynjemploymentlaw.com

May 29, 2025

**VIA ECF**

Hon. Magistrate Judge Leda D. Wettre
United States District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07101

     Re:    *Garcia et al v. Missing Sock Laundry Service LLC et al. 24-cv*-08045

Dear Judge Wettre:

       The parties in this case are pleased to advise the Court that Plaintiffs Francisco Garcia, Juan Joleanes, Claudia Quitian, Luz Quitian, Delia Simmarron, Laura Tepoz, Sandra Gomez, Luis Gallardo, and Rosaura Rodriguez ("Plaintiffs")[1] recently entered into a settlement agreement ("Agreement") with Defendants Missing Sock Laundry Service LLC, Missing Sock Holding LLC and Andrew Trenk ("Missing Sock Defendants") that will fully resolve this litigation.[2]  Plaintiffs and the Missing Sock Defendants respectfully request that the Court approve the Agreement - attached hereto as Exhibit "1" - and the settlement of the wage and hour claims in this case as final, fair, reasonable, adequate, and binding on the parties, and that the Court – after the parties file the stipulation of discontinuance, Exhibit B to the Agreement, following the Missing Sock Defendants' payment of the Initial Payment, due on July 1, 2025 - dismiss this litigation while retaining jurisdiction over the implementation of the Agreement.

       The terms of the Agreement provide that in exchange for Plaintiffs discontinuing this litigation and executing in favor of the Missing Sock Defendants a general release, the Missing Sock Defendants shall pay Plaintiffs a total of $125,000.00 (the "Settlement Amount"), inclusive of attorney's fees and disbursements, over the next almost three years.  From the Settlement Amount, $83,333.33 will be paid out to Plaintiffs, in proportion to their damages and as agreed upon between them – and as set forth in

---

[1] Separately and without Plaintiffs' counsel's involvement, The Missing Sock Defendants and their counsel negotiated a separate settlement with Plaintiff Jonny Morey.  Plaintiff Morey was paid his settlement monies separately, was not a part of the settlement negotiations between Plaintiffs and the Missing Sock Defendants, and is not a signatory to the Agreement.

[2] Defendants PJPUSHPA, LLC, JPSNGUPTA LLC, Sharad Agarwal, and Indu Agarwal have not appeared in this action and their counsel, prior to Plaintiffs moving for default against them, reached out to Plaintiffs' counsel and negotiated an agreement with two of the Plaintiffs who were employed by them (prior to the Missing Sock Defendants' purchase of their business).  Plaintiffs will shortly be filing a Notice of Dismissal pursuant to FRCP 41(a)(1)(A)(i) against them.

the Agreement - and $41,666.67 is allocated for attorneys' fees.[3]  The attorney's fees represent the one-third contingency - agreed upon by Plaintiffs in their retainer agreements - that is regularly approved in this circuit in FLSA cases.

The parties settled this case after a March 10, 2025, mediation session with Nicholas A. Grieco, Esq., a respected mediator, and a settlement conference in front of this Court on May 6, 2025.  At all times the parties negotiated hard, and all negotiations occurred at arms' length.

The Agreement reflects a compromise between Plaintiffs and Defendants.  While Plaintiffs could have possibly received more money had they proceeded to and won at trial, Plaintiffs agreed to the Settlement Amount, and believe it to be a fair and reasonable compromise, because, in addition to receiving their money much sooner, and not having to wait months or years, the Settlement Amount is approximately 87.5% of their estimated unpaid overtime and minimum wages owed (estimated at approximately $143,142) - that they could have recovered had they won at trial.

In addition to the inherent risks of litigation, there were many other risks involved in continuing to trial, including that the Missing Sock Defendants strenuously argued that their personal and business finances were limited, and that they could not afford to pay a large damages award, and that Plaintiffs might be unable to collect on any judgment obtained.  The mediator also told the Plaintiffs at the mediation about the long delays inherent in litigation that could delay any recovery for several years or more.  Other risks in this case were that because Plaintiffs did not have any records of exactly when they worked or the exact dates and times of their claimed off-the-clock work, Plaintiffs' version of the events that transpired might not be believed, which could result that the amount of any overtime/unpaid wages found to be owed to Plaintiffs might be less than their estimated unpaid wages.

Finally, Plaintiffs wished to forego the uncertainties of litigation and the hassle and expense of proceeding through discovery, depositions, and trial.  They also did not want to have to take time off from work for depositions, conferences, and trial.

Plaintiffs – and the Missing Sock Defendants – thus believe that the Settlement Amount represents a fair and equitable compromise that allows them to proceed with their personal and work lives without the disruptions, inconveniences, and risks inherent in litigation.

## PLAINTIFFS' COUNSEL'S QUALIFICATIONS

David Harrison received his law degree from Benjamin N. Cardozo School of Law in 2004 and has been the Managing Partner at Harrison, Harrison & Associates ("HHA"), a law firm dealing almost exclusively with employee rights, ever since it was founded almost fifteen years ago.  During this period, Mr. Harrison has served, and currently serves, as plaintiffs'-side counsel in numerous Fair Labor Standards Act ("FLSA") and New Jersey and New York wage and hour individual, multi-plaintiff, collective and class actions in various New Jersey and New York federal and state courts, and

---

[3] Plaintiffs' counsel is absorbing and not charging Plaintiffs for any costs in this action, including the filing fee ($405), process server fees ($89), and costs for translation.  Inasmuch as there will be numerous payments over several years, there will be additional costs for postage and translation, in addition to attorney and legal assistant time, that Plaintiffs' counsel will be incurring.

administrative agencies. Over the last several years, Mr. Harrison and HHA have been appointed class/collective counsel in numerous FLSA wage and hour collective/class actions. *See e.g. Brandon Farrell et. al.* v. Anderson Ave LLC a/k/a Sedona Taphouse 2-22-cv-01374 (JBC) (D.N.J., July 25, 2024) (appointing HHA and David Harrison Class Counsel and granting final approval of class action settlement involving 181 class members); *Ahmed Hegazy et. al. v. The Halal Guys, Inc. et. al.*, No. 22-CV-01880 (LGS) (S.D.N.Y., Sep. 2, 2022) (conditionally certifying FLSA collective and appointing David Harrison and HHA counsel for the FLSA collective in a FLSA/NYLL case involving dozens of food-cart workers); *Andy Gil et. al. v. Pizzarotti, LLC. et. al.*, No. 19-CV-03497 (MKV) (S.D.N.Y., Mar. 31, 2022) (certifying FLSA collective and appointing David Harrison and HHA counsel for the FLSA collective in a FLSA/NYLL case involving 42 construction workers); *Perez v. Isabella Geriatric Ctr., Inc.*, No. 13-CV-7453 (RA), 2016 WL 5719802, at *3 (S.D.N.Y. Sept. 30, 2016) (appointing David Harrison and HHA Class Counsel in a FLSA/NYLL case involving approximately 950 certified nursing assistants); *Poonam Sharma et. al. v. Burberry Limited*, 12-CV-06356 (LDW)(AKT) (E.D.N.Y., August 12, 2015) (appointing HHA and David Harrison Class Counsel and granting final approval of $1.45 million FLSA collective and class action settlement); *Evan Hightower v. JPMorgan Chase Bank, N.A.*, CV 11-1802 (PSG)(PLA) (Cent. Dist. Calif., August 4, 2015) (granting final approval of $12 million FLSA collective and class action settlement involving over 149,000 class members); *Luis P. Taipe et. al. v. MC&O Contracting, Inc. et. al.,* No. 12-cv-4479 (JMA) (E.D.N.Y., June 18, 2015) (appointing HHA and David Harrison Class Counsel and granting preliminary approval of class action settlement involving 770 construction workers); *Dimitra Verikios et. al. v. Taina Corp., et. al.*, No. 12-cv-2592(MAS)(TJB) (D.N.J. March 17, 2015) (appointing David Harrison and HHA Class Counsel and granting final approval of class action settlement involving 412 class members).

In light of the above, Plaintiffs – and the Missing Sock Defendants – respectfully request that this Court approve the parties' Agreement and that the Court – after the parties file the stipulation of discontinuance, Exhibit B to the Agreement, following the Missing Sock Defendants' payment of the Initial Payment, due on July 1, 2025 - dismiss this litigation while retaining jurisdiction over the implementation of the Agreement.

We thank the Court for its attention to this matter.

Respectfully submitted,

/S/ DAVID HARRISON
David Harrison

cc: All Counsel of Record (VIA ECF)

# Exhibit "1"

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANCISCO GARCIA, JUAN JOLEANES, CLAUDIA QUITIAN, LUZ QUITIAN, DELIA SIMMARRON, LAURA TEPOZ, SANDRA GOMEZ, LUIS GALLARDO, ROSAURA RODRIGUEZ and JONNY MOREY, on behalf of themselves and all others similarly situated, | CIVIL ACTION<br><br>Case No.  24-cv-08045 |
| Plaintiffs, | |
| v. | |
| MISSING SOCK LAUNDRY SERVICE LLC, MISSING SOCK HOLDING LLC, ANDREW TRENK, PJPUSHPA, LLC, JPSNGUPTA LLC, SHARAD AGARWAL, INDU AGARWAL, JANE & JOHN ROES 1-10; and JOHN DOE CORPORATIONS 1-10, | |
| Defendants. | |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into by and between Plaintiffs Francisco Garcia, Juan Joleanes, Claudia Quitian, Luz Quitian, Delia Simmarron, Laura Tepoz, Sandra Gomez, Luis Gallardo, and Rosaura Rodriguez ("Plaintiffs") and Defendants Missing Sock Laundry Service LLC, Missing Sock Holding LLC and Andrew Trenk ("Defendants").

## RECITALS AND BACKGROUND

A.    Plaintiffs filed a FLSA Collective Action and Class Action Complaint ("Complaint") on July 25, 2024 in the United States District Court for the District of New Jersey ("Action").

B.      Plaintiffs filed an Amended Complaint on November 27, 2024.  ECF 19.

C.      Defendants and their counsel represent that Plaintiff Jonny Morrey executed a settlement agreement and release on or about February 19, 2025 and received $1,086.11 in consideration for such settlement.  As such, Mr. Morrey shall receive no portion of the Settlement Payment (defined below) and is not a party to this Agreement.

D.      The Amended Complaint added Luz Quitian as a Plaintiff and Pjpushpa, LLC; Jpsngupta LLC; Sharad Agarwal; and Indu Agarwal as Defendants ("New Defendants").

E.      Defendants filed an Answer to Amended Complaint, Affirmative Defenses and Jury Demand on December 11, 2024.

F.      This Agreement does not include the New Defendants and they are not a party to this Agreement.  The New Defendants have not appeared in this Action and are not represented by Trenk Isabel Siddiqi & Shahdanian P.C.

G.      Plaintiffs and their counsel represent that the New Defendants have settled separately and have not asserted any claims against the Defendants herein.

H.      Defendants, while continuing to deny any wrongdoing or liability, nevertheless have agreed to enter into this Agreement to avoid further expense, inconvenience and the distraction of burdensome and protracted litigation, and to be completely free of any further controversy with respect to the claims that were asserted or could have been asserted in, or relate in any way whatsoever to the Action.

I.      Defendants have represented to Plaintiffs and Plaintiffs' counsel, that they have substantial debt and that there are limited funds to satisfy any judgment.

J.      Plaintiffs' counsel analyzed and evaluated the merits of the claims made against Defendantsand the impact of this Agreement on Plaintiffs and based upon their analysis and

evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Action, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, and that collection of any potential judgment may be difficult and entails risks, Plaintiffs' counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Plaintiffs.

K.      Plaintiffs and Defendants, by and through their respective counsel, have engaged in extensive in-person settlement discussions in connection with the potential resolution of the Action.  Plaintiffs and Defendants – subject to the approval of the Court – have elected to settle the Action pursuant to the terms set forth in this Agreement, which shall be submitted to the Court for approval through the mechanisms set forth below.

L.      Plaintiffs and Defendants with their respective counsel have engaged in mediation with Nicholas Grieco, Esq.  In addition, on May 6, 2025, Plaintiffs and Defendants with their respective counsel had an in court settlement conference.

**NOW THEREFORE,** in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to a full and complete settlement of the Action on the following terms and conditions:

1.  **Definitions**.

    1.1. **Agreement**.  "Agreement" means this Settlement Agreement and Release.

    1.2. **Claims**.  "Claims" means any and all claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters and issues arising in any way, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, including unknown claims, that could have been, or might be asserted in any court, tribunal or proceeding, against Defendants and that arise out of, relate to, or concern the allegations in the Action, including statutory,

constitutional, contractual or common law claims for unpaid regular or overtime wages, unpaid gratuities, service charges, tips, any related wage and hour claims, interest on such claims, penalties, damages, liquidated damages, attorneys' fees, expenses, disbursements, litigation costs and fees, restitution, or equitable relief. Claims are further defined in Paragraph 3 herein.

**1.3. Plaintiffs' Counsel**. "Plaintiffs' Counsel" means David Harrison, Esq., Harrison, Harrison & Associates, Ltd., 110 Highway 35, Suite #10, Red Bank, New Jersey 07701.

**1.4. Costs and Fees.** "Costs and Fees" means Plaintiffs' Counsel's attorneys' fees, costs, and expenses.

**1.5. Court**. "Court" means the United States District Court for the District of New Jersey.

**1.6. Days.** "Days" means business days if the specified number is less than ten (10), and calendar days if the specified number is ten (10) or greater.

**1.7. Defendants**. "Defendants" mean Missing Sock Laundry Service LLC, Missing Sock Holding LLC and Andrew Trenk.

**1.8. Defendants' Counsel**. "Defendants' Counsel" means Richard Trenk, Esq., Trenk Isabel Siddiqi & Shahdanian P.C., 290 W. Mt. Pleasant Avenue, Suite 2370, Livingston, New Jersey 07039.

**1.9. Final Order.** "Final Order" means the Order entered by the Court approving this Settlement and dismissing the Action with prejudice.

**1.10. Released Entities**. "Released Entities" means Defendants, as well as their individual and collective subsidiaries, parents, affiliates, partners (general and limited), members, managers, lenders (including any administrative agent or collateral agent for such lenders), creditors, predecessors, and successors of the foregoing, in their capacities as such, as well as the officers, managers, owners, directors, employees, agents, representatives, attorneys, trustees, executors, heirs, spouses, transferees and assigns of any and all of them, in their capacities as such, in their individual and/or representative capacities.

2.    **Recitals**. The Recitals set forth herein are incorporated herein.

3.    **General Release and Waiver of Rights and Claims by Plaintiffs**. Except for the

obligations contained herein, in return for the consideration described herein, Plaintiffs

unconditionally release and forever discharge Defendants, their agents, employees, successors, and

assigns, and all affiliated business entities, in their capacities as such, both individually and in their

4

official capacities, from any and all claims, causes of action, suits, back-wages, benefits, attorneys'

fees, pain and suffering, debts, dues, sums of money, accounts, reckonings, bonds, bills,

specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses,

damages, judgments, extents, executions, claims, charges, complaints and demands whatsoever,

in law, or equity, of any and every kind, nature and character, known or unknown, which against

Defendants, their heirs, executors, administrators, agents, successors, and assigns, ever had, may

now have or hereafter can, shall or may have, aris-ing under any federal, state or local, wage-hour,

or labor laws and/or regulations, or contract from the beginning of time to the date this Agreement

is executed by the Parties, including, but not limited to:

(a)   All claims under the Fair Labor Standards Act, as amended, 29 U.S.C. §201 *et seq*. ("FLSA"); the New Jersey Wage and Hour Law; N.J.S.A. §34:11-56(a) et seq. including but not limited to N.J.A.C. §12:56-3.5 and §12;56-14.3 (NJWHL") and the New Jersey Wage Payment Law, N.J.S.A. §34:11-4.1 including but not limited to N.J.S.A. §34:11-4.6 ("NJWPL"), the Equal Pay Act, 29 U.S.C. §206; the Employee Retirement Income Security Act of 1974; as amended, 29 U.S.C. §1001 *et seq*.; any amendments to the statutes referred to herein; sales commissions earned or accrued whether as an employee or independent contractor; any costs, damages, interest, liquidated damages or attorneys' fees relating to any such alleged violation; alleged unpaid wages, salary, or overtime compensation; employee classification; exempt classification; "at-will" classification; and any claims relating to procurement of customers, sub-agents, business, finder's fees, or any other asserted basis for additional remuneration or other rewards; and any other federal, state or local law relating to employee wages and hours;

(b)   All claims alleging breach of promise, breach of contract or implied contract; fraud; misrepresentation; fraudulent inducement; promissory estoppel; unjust enrichment; quantum meruit; conversion; defamation; or otherwise arising under any common law theory or in tort, contract or quasi-contract, whether in law or equity;

(c)   All claims for fringe benefits; employee benefits; employee contributions; supplemental benefits; allowances; reimbursement; participation in any benefit plan; administration or application of any benefit plan; and any claims for non-vested benefits arising under ERISA;

(d)   All claims for payment of income and employment taxes;

(e)    The National Labor Relations Act;

(f)    Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq., ("HADEA") except as provided below;

(g)    Title VII of the Civil Rights Act of 1964 as amended;

(h)    42 U.S.C. § 2000e et. seq.;

(i)    The Employment Act of 1967;

(j)    The Civil Rights Act of 1999;

(k)    The Civil Rights Act of 1866 and 1870;

(l)    The CMI Rights Act of 1966, as amended;

(m)    42 U.S.C. § 1981, as amended;

(n)    Executive Order 11246;

(o)    The Americans with Disabilities Act 42 U.S.C. § 12101, et. seq, as amended;

(p)    The Family and Medical Leave Act, as amended

(q)    The Immigration and Reform Control Act, as amended;

(r)    The Rehabilitation Act of 1973;

(s)    The Employee Retirement Income Security Act;

(t)    The Veterans Reemployment Rights Act;

(u)    The Uniformed Services Employment and Reemployment Rights Act;

(v)    The Worker Adjustment and Retraining Notification Act;

(w)    The Consolidated Omnibus Budget Reconciliation Act;

(x)    The New Jersey Law Against Discrimination;

(y)    The New Jersey Family Leave Act;

(z)    The New Jersey Conscientious Employee Protection Act;

(aa)    The New Jersey Equal Pay Act;

(bb)    The New Jersey Smokers' Rights Law; The New Jersey Genetic Privacy Act;

(cc)    The common laws of the State of New Jersey;

6

(dd)   Any other applicable federal, state or local wage and hour, anti-discrimination or employment law or regulation;

(ee)   The Occupational Safety and Health Act, as amended;

(ff)    The Sarbanes-Oxley Act of 2002, as amended;

(gg)   The Older Workers Benefit Protection Act of 1990, as amended;

(hh)   Any public policy, contract (express, written, implied or oral), tort and/or common law;

(ii)    Any allegation for costs, fees or other expenses, including but not limited to attorneys' fees; and/or,

(jj)    Any federal, state or common law claim or cause of action for breach of contract, wrongful discharge, constructive discharge, retaliation, defamation, slander, liable. intentional or negligent infliction of emotional distress, misrepresentation, fraud, promissory estoppel, any other tort or negligence claim, or obligations arising out of any of Employer's employment policies or practices, employee handbooks and/or any statements by any employee or agent of Employer whether oral or written; and for reinstatement, back pay, pension, bonus, attorneys' fees, compensatory damages, costs, front pay, any form of equitable or declaratory relief, liquidated damages, emotional distress, personal injury, punitive damages, pain and suffering, medical expenses, damage to reputation, damage for personal, emotional or economic injury or damage of any kind.

The Parties expressly agree that, if Defendants fail to pay Plaintiffs the Initial Payment set forth in ¶4(a) provided for herein, in full, the Release provided for herein shall have no effect and shall be void, and retroactively voided, and that, in such event, Plaintiffs will be able to pursue any and all of their claims, including their FLSA and NJWHL claims, against Defendants and the Released Parties, as if this Agreement had never been entered into, and that Defendants and the Released Parties agree that Plaintiffs' FLSA and NJWHL statutes of limitations were tolled, as of the day that Plaintiffs filed the Lawsuit.

Each of the Defendants and each of the Released Parties reciprocally release each of the Plaintiffs from any and all liabilities, debts, claims and causes of action whatsoever, from the beginning of the world through the date of the execution of this Agreement.

7

4.      **Settlement Payment**.  As consideration for the Settlement herein, Defendants agree to pay a total of $125,000 ("Settlement Payment" or "Settlement "Amount") in full satisfaction of all Claims as follows:

(a) $27,000 no later than July 1, 2025 ("Initial Payment");

(b) $2,500 per month (for 18 consecutive months) beginning on August 1, 2025 and continuing thereafter on the first day of each month through and including January 1, 2027;

(c) $3,000 per month (for 12 consecutive months) beginning on February 1, 2027 and continuing on the first day of each month through and including January 1, 2028;

(d) $17,000 due on February 1, 2028;

(e) All Settlement Payments shall be paid to Plaintiffs' Counsel – by ACH/wire into Plaintiffs' Counsel's escrow account (instructions to be provided) - who shall be solely responsible for disbursing such monies to Plaintiffs; and

(f) Defendants may prepay any portion or all of the Settlement Amount at any time without penalty or premium.

5.      **Distribution of Settlement Payment**.  The Settlement Payment shall be allocated and distributed as and between Plaintiffs and Plaintiffs' Counsel as follows:

(a) Plaintiffs' Counsel shall receive $41,666.67 on account of all attorneys' fees, costs and expenses ("Total Attorneys' Fees").  After payment of the Total Attorneys' Fees, the net amount payable to the Plaintiffs shall be $83,333.33 ("Net Settlement Payment");

(b) Plaintiff Francisco Garcia shall receive seventeen (17%) of the Net Settlement Payment of $14,166.67;

(c) Plaintiff Claudia Quitian shall receive fifteen (15%) of the Net Settlement Payment of $12,500.00;

(d) Plaintiff Delia Simmarron shall receive five (5%) of the Net Settlement Payment of $4,166.67;

(e) Plaintiff Laura Tepoz shall receive fourteen (14%) of the Net Settlement Payment of $11,666.67;

(f) Plaintiff Rosaura Rodriguez shall receive ten (10%) of the Net Settlement Payment of $8,333.33;

(g) Plaintiff Juan Joelanes shall receive fifteen (15%) of the Net Settlement Payment of $12,500.00;

(h) Plaintiff Luz Karina Quitian shall receive eight (8%) of the Net Settlement Payment of $6,666.67;

(i) Plaintiff Sandra Gomez shall receive nine (9%) of the Net Settlement Payment of $7,500.00; and

(j) Plaintiff Luis Gallardo shall receive seven (7%) of the Net Settlement Payment of $5,833.33.

**6.** **Treatment of Settlement**.

(a) The Parties expressly acknowledge and agree that the Settlement Payment is inclusive of attorneys' fees, costs and expenses and Plaintiffs' Counsel agrees that it will not seek additional attorneys' fees from Defendants unless there is a breach/default and in such event Plaintiffs' counsel may seek reasonable attorneys' fees and costs in seeking entry of the Confession of Judgment. The Settlement Payment shall be wired[1] into Plaintiffs' Counsel's escrow account or delivered via certified/bank check, sent via overnight mail (with tracking) to David Harrison, Esq., Harrison, Harrison & Associates, Ltd., 110 Highway 35, Suite #10, Red Bank, NJ 07701. Plaintiffs agree that all attorneys' fees, costs and expenses incurred in connection with the Action will be paid out of the Settlement Payment and that they waive, and will not seek, any further payment of attorneys' fees, costs or expenses of any kind from Defendants unless there is a breach/default and in such event Plaintiffs' counsel may seek reasonable attorneys' fees and costs in seeking entry of the Confession of Judgment;

(b) Plaintiffs understand and agree that Defendants are not providing them with tax or legal advice, and make no representations regarding tax obligations or consequences, if any, related to this Agreement and Release. Plaintiffs and Defendants have endeavored in good faith to allocate appropriately the payments set forth herein;

(c) Plaintiffs further acknowledge that the Settlement Payment represents a benefit to which they are not otherwise entitled and that the Settlement Payment is good and sufficient consideration to support this Agreement and Release and the full and final release effected thereby;

(d) The Parties further agree that the payments set forth herein are in lieu of and shall discharge any and all obligations of Defendants to Plaintiffs or Plaintiffs' Counsel for compensation, reimbursable costs, fees, or any other expectation of renumeration or benefit on the part of Plaintiffs or Plaintiffs' Counsel; and

---

[1] Plaintiffs' Counsel shall provide the wire instructions and a cell phone number to which Defendants' Counsel may verify the wire instructions before any wire is consummated.

(e) Plaintiffs shall solely be responsible to report payments of the Settlement Payment to all federal, state, and local taxing authorities and shall be solely responsible for all legally required employee-side taxes and associated interest and penalties, if any, due arising out of their receipt of the Settlement Payment. Plaintiffs, solely on their own behalf(ves) with respect to the portion of the Settlement Payment he/they receive only, agree to indemnify, defend, and hold Defendants harmless from and against all taxes - except for ordinary employer-side taxes - interest, penalties, attorneys' fees, and other costs that may be incurred by or imposed on Defendants as a result of any portion of the Settlement Payment that shall be reported on an IRS Form 1099.

7. **Breach & Grace Period**. In the event of Defendants fail to make the required payments set forth herein, Defendants shall have a fifteen (15) day grace period for each and every payment set forth in paragraph 4 above. To the extent that any payment is not received within fifteen (15) days of the due date, Plaintiffs' Counsel shall be authorized to file the confession of judgment – in the form annexed hereto as Exhibit A - for the Settlement Amount less any amounts previously paid, as set forth below. When the consent judgment is submitted, Plaintiffs' Counsel shall simultaneously submit a certification detailing the default and reflecting the credits to be applied against the Settlement Payment. Plaintiffs' Counsel shall be entitled to seek attorneys' fees for the cost to submit the consent judgment.

8. **Confession of Judgment**. Concurrently with the execution of this Agreement, Defendants have executed and delivered to Plaintiffs' Counsel a confession of judgment ("Confession of Judgment") in the form annexed hereto as Exhibit "A". The Parties hereby acknowledge and agree that the Confession of Judgment will be held in escrow by Plaintiffs' Counsel, and will not be entered and/or filed at any time other than in the event that Defendants both (a) fail to make payment on or before the date payment becomes due according to the terms herein, and (b) fails to cure such default by ensuring Plaintiffs' Counsel's actual receipt of the delinquent payment within ten (10) days of receipt of written notice (to be delivered to Defendants' counsel Richard Trenk, Esq., via email at rtrenk@trenkisabel.law) (a "Default Event"). Any such

Notice of Default may be emailed to rtrenk@trenkisabel.law with a copy to trenkandrew@gmail.com and jsavio@trenkisabel.law and deemed received as of the date it is actually sent. Notwithstanding the foregoing and without limiting any right or remedy, in the event any Settlement Payment is not timely made or cured according to the terms herein, Plaintiffs may file the Confession of Judgment immediately and seek the outstanding amount of the Settlement Payment. Upon full payment of the monies due pursuant to this Agreement, Plaintiffs, by and through his attorneys, shall destroy the original Confession of Judgment and provide Defendants' counsel with a specific letter acknowledging same.

**9.      No Other Payment Due**. Except as specifically provided in this Agreement, Plaintiffs agree that they are not entitled to any other payments for salary, benefits, wages, bonuses, allowances, compensatory time, severance pay, notice pay, vacation or holidays, accrued leave, paid leave, or any other form or kind of payment or compensation from the Defendants for any work they performed for Defendants during the relevant period • as defined in the Complaint to the date the Parties execute this Agreement.

**10.     Accord and Satisfaction**. Should any proceeding be instituted by Plaintiffs with respect to matters here settled, released or waived pursuant to the Agreement, other than an action or proceeding to enforce the terms of the Agreement, this Agreement shall be deemed full accord, satisfaction and settlement of any such claim(s) and sufficient basis for immediate dismissal.

**11.     Dismissal of the Action with Prejudice**.

(a) Plaintiffs promise and represent that they will withdraw, with prejudice, any and all outstanding administrative complaints or charges alleging improper payment of wages, filed with federal, state and local agencies/administrative bodies and will also withdraw or discontinue with prejudice all judicial actions concerning improper payment of wages, including without limitation, the Action, as well as any and all other lawsuits, claims, counterclaims, demands, appeals or actions concerning improper payment of wages pending against the parties they have released herein; and will not accept any money from or file any other currently

existing internal or external administrative or judicial complaints, charges, lawsuits, claims, demands, appeals or actions of any kind based on Defendants' improper payment of wages to the Plaintiffs during their employment by the Defendants through the date this Agreement and General Release is executed by the Parties.

(b) Payment of the Settlement Amount due under this Agreement is contingent upon the Court approving this Agreement.  Plaintiffs' counsel shall submit this Agreement for approval no later than May 23, 2025.  If the Agreement has not been approved by entry of a Final Order by July 1, 2025, the Initial Payment shall be held in Defendants' Counsel's attorney trust account and remitted to Plaintiffs' Counsel within five (5) days of the Final Order.  To the extent that this Settlement Agreement is not approved by the Court, the Parties reserve all rights, remedies and defenses and Defendants' Counsel shall be authorized to return the Initial Payment to Defendants.

(c) After payment of the Initial Amount (as defined in Paragraph 3 above), Defendants' Counsel shall be authorized to electronically file Stipulation of Dismissal with Prejudice – Exhibit B hereto - executed simultaneously herewith and held by Defendants' Counsel.

(d) The Parties agree to use their best efforts to obtain the Court's approval of this Agreement.

**12.    Plaintiffs' Consultation with Legal Counsel/Right to Revoke**.  Plaintiffs represent that they have been advised to consult legal counsel regarding this Agreement and General Release and have done so.  Plaintiffs further represent that after having had a full opportunity of at least 21 days to review and consider the terms and conditions of this Agreement and General Release, and having discussed them with their counsel and having had sufficient time to review and consider this Agreement and General Release, they each fully understand all of the provisions of this Agreement and General Release and each has executed same freely and voluntarily.  Plaintiffs further understand that after execution of this Agreement and General Release, each and any Plaintiff has the opportunity to revoke same within seven (7) days of execution of same. A timely revocation by any of the Plaintiffs, revokes this Agreement and General Release and the settlement of the aforementioned action on behalf of all Plaintiffs.

13.    **Waiver and Modification**.  This Agreement and General Release may not be modified, altered or changed except upon express written consent of the Parties.

14.    **Counterparts**.   This Agreement and General Release may be executed in counterparts and/or by facsimile, e-mail and/or DocuSign and remain entirely enforceable.

15.    **Cooperation Between the Parties; Further Acts**.  The Parties shall reasonably cooperate with each and shall use their best efforts to obtain the court's approval of this Agreement and all its terms.  Each Party agrees to perform such further acts and execute and delivery such other documents as may be reasonably necessary to carry out the provisions of this Agreement.

16.    **Use of the Singular**.  Whenever used in this Agreement and General Release, the singular word shall include the plural, the plural the singular, and the use of any gender shall be applicable to all genders. This General Release shall not be interpreted in favor of, or against, either party because of such party having drafted this General Release.

17.    **Consent to Magistrate Judge**.  The Parties consent to Magistrate Leda Dunn Wettre presiding over the settlement approval process through final settlement approval and thereafter.  To the extent necessary the parties shall execute and file with the court all documents necessary to effectuate this provision.

18.    **Governing Law**.  This Agreement and General Release shall be subject to and governed by the laws of the State New Jersey.  To the extent that the Parties seek to enforce the provisions of this Agreement or litigate any other dispute or controversy among the Parties arising out of the matters herein, any and all such actions shall be filed and venued only in the United States District Court for the District of New Jersey, for which the Court – and Judge Wettre - shall retain jurisdiction.

19.    **Severability Clause**.  If any term or provision of this Agreement and General Release, or the application thereof to any person or circumstance, shall to any extent be found invalid or unenforceable, the remainder of the Agreement and General Release, or the applications of such term or provisions to persons or circumstances other than to those as to which it is invalid or unenforceable, shall not be affected thereby, and each term and provision of this Agreement and General Release shall be valid and be enforced to the fullest extent permitted by law.

20.    **Entire Agreement**. The Parties represent and acknowledge that they have carefully reviewed this Agreement to ensure complete understanding of the Agreement's full effect and that it contains the entire understanding between them and that they are not relying upon any representations or statements, written or oral, made by or on behalf of any Party not set forth herein.  This Agreement constitute the entire Agreement amongst the parties and all prior and contemporaneous negotiations and understandings among the Parties shall be deemed merged into this Agreement.  No modifications shall be enforceable unless in writing and executed by the Party affected by the modification.

**IN WITNESS WHEREOF**, Plaintiffs and Defendants hereunto set their hands this the

____ day of May, 2025.

5/29/2025

FRANCISCO GARCIA

5/27/2025

JUAN JOLEANES

5/27/2025

CLAUDIA QUITIAN

5/28/2025

LUZ QUITIAN

5/21/2025

DELIA SIMMARRON

5/29/2025

LAURA TEPOZ

5/27/2025

SANDRA GOMEZ

5/25/2025

LUIS GALLARDO

5/26/2025

ROSAURA RODRIGUEZ

Plaintiffs' Counsel agrees to disburse the Settlement Amount in accordance with the Agreement.

**HARRISON, HARRISON
& ASSOCIATES, LTD.**

5/21/2025

By: _____

David Harrison, Esq.

**MISSING SOCK LAUNDRY SERVICE LLC**    **MISSING SOCK HOLDING LLC**

By: _____    By: _____

_____

ANDREW TRENK

**IN WITNESS WHEREOF**, Plaintiffs and Defendants hereunto set their hands this the

___ day of May, 2025.

_____          _____
FRANCISCO GARCIA                            JUAN JOLEANES


_____          _____
CLAUDIA QUITIAN                              LUZ QUITIAN


_____          _____
DELIA SIMMARRON                             LAURA TEPOZ


_____          _____
SANDRA GOMEZ                                 LUIS GALLARDO


_____
ROSAURA RODRIGUEZ

Plaintiffs' Counsel agrees to disburse the Settlement Amount in accordance with the Agreement.

**HARRISON, HARRISON
& ASSOCIATES, LTD.**

By: *David Harrison*
_____
David Harrison, Esq.

**MISSING SOCK LAUNDRY SERVICE LLC     MISSING SOCK HOLDING LLC**

By:_____          By:_____


_____
ANDREW TRENK

15

# Exhibit "A"

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| FRANCISCO GARCIA, JUAN JOLEANES, CLAUDIA QUITIAN, LUZ QUITIAN, DELIA SIMMARRON, LAURA TEPOZ, SANDRA GOMEZ, LUIS GALLARDO, ROSAURA RODRIGUEZ and JONNY MOREY, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>  -against-<br><br>MISSING SOCK LAUNDRY SERVICE LLC, MISSING SOCK HOLDING LLC, ANDREW TRENK, PJPUSHPA, LLC, JPSNGUPTA LLC, SHARAD AGARWAL, INDU AGARWAL, JANE & JOHN ROES 1-10, and JOHN DOE CORPORATIONS 1-10,<br><br>          Defendants. | Civil Action No. 24-cv-08045-ES-LDW<br><br><u>**CONFESSION OF JUDGMENT**</u> |

Upon notice to Defendants' counsel, as to Defendants' Missing Sock Laundry Service LLC, Missing Sock Holding LLC and Andrew Trenk's, time of the essence default, including the expiration of the fifteen (15) calendar day grace period, $125,000.00 (One Hundred and Twenty Five Thousand Dollars and Zero Cents), this amount which was originally due and owing in this matter, less payments previously received of $_____, plus accelerated payment of all remaining amounts due pursuant to the Parties' Settlement Agreement, plus reasonable attorneys' fees and costs incurred[1] as a result of Defendants' default in the amount of $_____, for a net Consent Judgment amount due of $_____, and sufficient

---

[1] Plaintiffs' counsel has filed a Certificate of Services detailing the amount incurred in filing this Confession of Judgment. These fees do not include fees, costs and expenses in the original litigation and the settlement.

1

cause appearing, **IT IS** on this _____ day of _____, 202____

      **ORDERED AND ADJUDGED** that judgment is granted in favor of Plaintiffs FRANCISCO GARCIA, JUAN JOLEANES, CLAUDIA QUITIAN, LUZ QUITIAN, DELIA SIMMARRON, LAURA TEPOZ, SANDRA GOMEZ, LUIS GALLARDO, and ROSAURA RODRIGUEZ against Missing Sock Laundry Service LLC, Missing Sock Holding LLC and Andrew Trenk in the amount of $_____. The judgment shall reflect any credits from the Settlement Amount that were received by Plaintiffs.

      [REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

This Consent Judgment may be executed electronically or via facsimile or email and in counterparts.

_____
HON. LEDA D. WETTRE, U.S.M.J.

AGREED & ACCEPTED TO
THIS ___ DAY OF _____, 2025

**HARRISON, HARRISON &**                    **TRENK ISABEL SIDDIQI &**
**ASSOCIATES, LTD.**                        **SHAHDANIAN, P.C.**
 *Attorneys for Plaintiffs*                   *Attorneys for Defendants*

By:____/s/David Harrison_____          By:____/s/ Richard D. Trenk_____
 dharrison@nynjemploymentlaw.com             rtrenk@trenkisabel.law
 110 Highway 35, Suite #10                   290 W. Mt. Pleasant Avenue, Suite 2370
 Red Bank, NJ 07701                          Livingston, New Jersey 07039

SIGNED AND AGREED TO:


Date:_____     By: _____
                                              MISSING SOCK LAUNDRY
                                              SERVICE LLC


Date:_____     By: _____
                                              MISSING SOCK HOLDING LLC


Date:_____     By: _____
                                               ANDREW TRENK


Signed and sworn to before me
this _____ day of May 2025.


_____
Notary Public

3

Exhibit "B"

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANCISCO GARCIA, JUAN JOLEANES, CLAUDIA QUITIAN, LUZ QUITIAN, DELIA SIMMARRON, LAURA TEPOZ, SANDRA GOMEZ, LUIS GALLARDO, ROSAURA RODRIGUEZ and JONNY MOREY, on behalf of themselves and all others similarly situated, | CIVIL ACTION<br><br>Case No.  24-cv-08045 |
| Plaintiffs, | |
| v. | |
| MISSING SOCK LAUNDRY SERVICE LLC, MISSING SOCK HOLDING LLC, ANDREW TRENK, PJPUSHPA, LLC, JPSNGUPTA LLC, SHARAD AGARWAL, INDU AGARWAL, JANE & JOHN ROES 1-10; and JOHN DOE CORPORATIONS 1-10, | **STIPULATION OF DISMISSAL**<br>**WITH PREJUDICE** |
| Defendants. | |

**IT IS HEREBY STIPULATED** that the above-referenced matter is dismissed and request that the Court enter Judgment dismissing the above-referenced matter with prejudice and without costs subject to the terms of the Settlement Agreement.  The Court retains jurisdiction to enforce the terms of the Settlement Agreement.

**HARRISON, HARRISON & ASSOCIATES, LTD.**
Attorneys for Plaintiffs

**TRENK ISABEL SIDDIQI & SHAHDANIAN P.C.**
Attorneys for Defendants

By:_____
            DAVID HARRISON

By:_____
            RICHARD D. TRENK

Dated:  _____, 2025

Dated:  _____, 2025

**SO ORDERED**:

This ___ day of _____, 2025.

_____
HONORABLE LEDA DUNN WETTRE,U.S.M.J.