UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANCISCO GARCIA, JUAN JOLEANES, CLAUDIA QUITIAN, LUZ QUITIAN, DELIA SIMMARRON, LAURA TEPOZ, SANDRA GOMEZ, LUIS GALLARDO, ROSAURA RODRIGUEZ and JONNY MOREY, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>MISSING SOCK LAUNDRY SERVICE LLC, MISSING SOCK HOLDING LLC, ANDREW TRENK, PJPUSHPA, LLC, JPSNGUPTA LLC, SHARAD AGARWAL, INDU AGARWAL, JANE & JOHN ROES 1-10, and JOHN DOE CORPORATIONS 1-10,<br><br>    Defendants. | Civil Action No. 24-8045 (LDW)<br><br>**MEMORANDUM OPINION AND ORDER APPROVING FLSA SETTLEMENT** |

    This matter comes before the Court by way of the joint motion for final settlement approval between plaintiffs[1] and defendants Missing Sock Laundry Service LLC, Missing Sock Holding LLC, and Andrew Trenk (the "Missing Sock Defendants"). (ECF 32). The parties have consented to Magistrate Judge jurisdiction for this motion and all further proceedings. (ECF 36). The Court makes the following findings of fact and conclusions of law in approving the settlement.

---

[1] Individual plaintiff Jonny Morey reached a separate, out-of-court agreement with the Missing Sock Defendants without the assistance of counsel and is therefore not a signatory to the settlement agreement. (ECF 32 at 1 n.1).

I.   **Background and Procedural History**

1.   The proposed settlement resolves plaintiffs' wage claims under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a, *et seq.*, and the New Jersey Wage Payment Law, N.J.S.A. §§ 34:11-4.1, *et seq.* as to the Missing Sock Defendants.

2.   Plaintiffs, a group of workers in the Missing Sock Defendants' laundry business tasked with, *inter alia*, handling, sorting, washing, folding, picking up and delivering laundry, commenced this action on July 25, 2024, against their former employer, the Missing Sock Defendants. Plaintiffs allege that defendants failed to pay them minimum wage and overtime compensation for time worked in excess of forty hours per week, in violation of the NJWHL and the FLSA. (Compl., ECF 1). The Missing Sock Defendants filed an answer on September 9, 2024, generally denying the allegations. (ECF 12). Pursuant to Federal Rule of Civil Procedure 15(a)(2), plaintiffs and the Missing Sock Defendants stipulated to plaintiffs' filing of an amended complaint (ECF 17), which the Court entered on November 26, 2024. (ECF 18). Plaintiffs filed their amended complaint the following day on November 27, 2024, naming as defendants Pjpushpa, LLC, Jpsngupta LLC, Sharad Agarwal, and Indu Agarwal, the predecessor owners of the Missing Sock Defendants' laundry business.[2] (ECF 19). The Missing Sock Defendants filed an answer to the amended complaint on December 11, 2024. (ECF 26).

---

[2] Defendants Pjpushpa, LLC, Jpsngupta LLC, Sharad Agarwal, and Indu Agarwal never appeared in this action and are not parties to the instant settlement agreement. (ECF 32 ¶ F). Plaintiffs represent that they reached an out-of-court agreement as to any claims against these defendants. (*Id.* ¶ G). On May 29, 2025, plaintiffs voluntarily dismissed Pjpushpa,

3. The undersigned began supervising pretrial discovery and held an initial scheduling conference on November 8, 2024. Thereafter, the Court entered a Pretrial Scheduling Order setting a discovery schedule. (ECF 16). On February 7, 2025, the Court entered an Order referring the case to mediation before Nicholas A. Grieco, Esq. (ECF 28). The parties thus proceeded to engage in discovery while simultaneously conducting mediation.

4. At an April 3, 2025 telephone conference before the undersigned, the parties advised the Court that had made significant progress at mediation but had been unable to finalize a settlement agreement. The Court thereafter scheduled a subsequent settlement conference on May 6, 2025 with Mediator Nicholas Grieco, Esq. in attendance to facilitate continued negotiations. (ECF 30). While further progress was made at the settlement conference, the parties were again unable to reach a settlement in principle. The Court scheduled an additional settlement conference on May 12, 2025. (ECF 31).

**II.    Settlement**

5. Before the May 12, 2025 settlement conference, the parties were able to reach a settlement in principle. This motion for settlement approval followed.

6. The parties have agreed to settle this case for a total payment of $125,000.00 (the "Settlement Amount") to plaintiffs in full satisfaction of their claims and attorneys' fees and costs. (ECF 32 at 1). The Settlement Amount includes additional consideration

---

LLC, Jpsngupta LLC, Sharad Agarwal, and Indu Agarwal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A). (ECF 33, 34).

3

to support a general release by which plaintiffs waive their ability to bring any future claims against the Missing Sock Defendants. (ECF 37).

7. The parties further agreed that the Settlement Amount is to be paid in multiple installments, beginning with a lump sum payment to be remitted by July 1, 2025 and continuing through February 1, 2028, made by wire or certified bank check to plaintiffs' counsels' escrow account. (ECF 32 at 8). The Settlement Amount will be distributed as follows:

a. A payment to plaintiff Francisco Garcia in the amount of $14,166.67. (ECF 32 at 8).

b. A payment to plaintiff Claudia Quitian in the amount of $12,500.00. (*Id.* at 8).

c. A payment to Delia Simmarron in the amount of $4,166.67. (*Id.* at 8).

d. A payment to Laura Tepoz in the amount of $11,666.67. (*Id.* at 8).

e. A payment to Rosaura Rodriguez in the amount of $8,333.33. (*Id.* at 8).

f. A payment to Juan Joelanes in the amount of $12,500.00. (*Id.* at 8).

g. A payment to Luz Karina Quitianin the amount of $ $6,666.67. (*Id.* at 8).

h. A payment to Sandra Gomez in the amount of $7,500.00. (*Id.* at 8).

i. A payment to Luis Gallardo in the amount of $5,833.33. (*Id.* at 8).

j. A payment to David Harrison of Harrison, Harrison & Associates of $41,666.67 for attorneys' fees and costs. (*Id.* at 8).

### III.  Final Approval of Settlement

8.  To approve an FLSA settlement agreement in the Third Circuit, the Court must determine that "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Brumley v. Camin Cargo Control, Inc.*, Civ. No. 08-1798 (JLL), 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (quoting *Lynn's Food Stores. Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

9.  In determining whether the compromise resolves a bona fide dispute, the Court must find that the settlement "reflect[s] a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching," and the bona fide dispute must be determined to be one over "factual issues" not "legal issues such as the statute's coverage or applicability." *Id.* (citations omitted).

10.  Here, plaintiffs allege that their total pay owed, excluding liquidated damages, amounted to an estimated $143,142. (ECF 32 at 2). The Court determines that plaintiffs' agreement to settle for the only slightly lesser sum of $125,000 constitutes a compromise of a bona fide dispute for three principal reasons. First, the Missing Sock Defendants maintain they paid plaintiffs in full compliance with the applicable laws and admit no liability. (Answer to Amended Complaint, ECF 26; *see also* ECF 32 at 2). Relatedly, plaintiffs explain that they kept *no* records of their alleged unpaid hours and would therefore face difficulty providing evidence of their claims. (ECF 32 at 2). There is accordingly no guarantee that plaintiffs would prevail at trial after further litigation. Second, by reaching a settlement at the early stages of litigation – and for a sum amounting to approximately 87% of their asserted damages – plaintiffs avoid significant delay in

recovering nearly all their alleged unpaid wages. Third, the settlement and its scheduled disbursement of payments serves to obviate the possibility that the Missing Sock Defendants would be unable to pay a higher award of damages should plaintiffs ultimately prevail at trial. (ECF 32 at 2 (noting that "the Missing Sock Defendants strenuously argued that their personal and business finances were limited, and that they could not afford to pay a large damages award")). The settlement thus serves as a reasonable compromise of the disputed claims.

11. Additionally, the proposed settlement is the product of arms-length negotiation between parties represented by competent counsel at Court-ordered mediation and a settlement conference before the undersigned. Nothing in the record before the Court indicates that the proposed settlement has been achieved through fraudulent or collusive conduct.

12. The parties have submitted a final settlement agreement (ECF 32), which was amended by the parties on June 17, 2025 (ECF 37), and has been reviewed by the Court. (ECF 32). The Court finds the release provisions contained therein comply with applicable law as the waiver of claims beyond those for wages received sufficient consideration separate and apart from that for the plaintiffs' claims under the FLSA. (*See* ECF 32 at 4-5; ECF 37 (indicating that 10% of each individual payment to plaintiffs is consideration exchanged for a general release)). Moreover, the agreement indicates that plaintiffs have consulted with legal counsel regarding the release provisions therein, fully understand their import, and willing accept the additional consideration to support a general release. (ECF 32 ¶ 12). Further, the agreement does not contain a confidentiality provision

nor a non-disparagement clause. For these reasons, the Court determines that the final settlement agreement does not frustrate the purpose of the FLSA and therefore finds the scope of the release clause acceptable. *See Payton-Fernandez v. Burlington Stores, Inc.*, 22-CV-608 (AMD), 2024 WL 5202421, at *13 (D.N.J. Dec. 23, 2024) (noting that "in some circumstances, if the general release contains additional consideration to the plaintiff, up to and above what he or she is entitled to under the FLSA, the general release is enforceable").

13. Having considered the motion for final settlement approval, and for good cause shown, the Court grants final approval of the settlement memorialized in the Settlement Agreement (ECF 32), incorporating the amendment thereto (ECF 37), and approves the payment to be made to plaintiffs in the amount stated in the settlement agreement.

**IV.    Award of Attorneys' Fees and Costs**

14. When evaluating the reasonableness of attorneys' fees in wage and hour cases, courts in the Third Circuit generally apply the percentage of recovery method, under which "the Court must determine whether the percentage of total recovery that the proposed award would allocate to attorneys' fees is appropriate based on the circumstances of the case." *Bredbenner v. Liberty Travel, Inc.*, 09-CV-905, 09-CV-1248, 09-CV-4587, 2011 WL 1344745, at *19 (D.N.J. Apr. 8, 2011) (quotation omitted).

15. Plaintiffs' Counsel seeks $41,666.67 in fees and reimbursement for costs.

16. Plaintiffs' Counsel did substantial work identifying, investigating, prosecuting, and ultimately settling plaintiffs' claims.

17.     The fees requested represent exactly one-third of the total settlement amount, which has been held to be fair and reasonable in this District. *See Brumley*, 2012 WL 1019337, at *12 (collecting cases where attorneys' fees of approximately 30 percent of settlement funds were found reasonable); *see also Haynes v. Artech L.L.C.*, No. 20-9173, 2021 WL 3130826, at *2 (D.N.J. July 23, 2021) (finding an award of attorneys' fees representing 40% of the total settlement amount reasonable).

18.     The Court finds that the amount of fees requested is fair and reasonable and approves an award of attorneys' fees and costs in the amount of $41,666.67.

**V.      Conclusion and Dismissal**

19.     The Court approves the terms and conditions of the Settlement Agreement.

20.     The parties shall proceed with the administration of the settlement in accordance with the terms of the Settlement Agreement.

21.     The action will be dismissed with prejudice pursuant to a stipulation and order to be entered separately, with each side to bear its own attorneys' fees and costs except as set forth in the Settlement Agreement.

22.     The Clerk of the Court shall terminate the motion at ECF 32 and mark the case CLOSED.

**It is so ORDERED this 24th day of June 2025**.

     *s/ Leda Dunn Wettre*
     Leda Dunn Wettre
     United States Magistrate Judge